# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1308V
(not to be published)

| | |
|---|---|
| JONATHAN JAROG,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 23, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kristina Green, Kralovec, Jambois & Schwartz, Chicago, IL,* for Petitioner.

*Julia Marter Collison U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 3, 2021, Jonathan Jarog filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome resulting from the administration of an influenza vaccine on November 25, 2019. (Petition at 1). On March 22, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 15, 2022 (ECF No. 38), requesting a total award of $26,431.94 (representing $24,908.70 in fees and $1,523.24 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 38-5. Respondent reacted to the motion on July 18, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 39. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs in successful cases. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney Kristina K. Green at the following rates: $325 for time billed in 2020; $360 per hour for time billed in 2021; and $400 per hour for $2022. (ECF No. 38-3 at 1-7). These rates require an adjustment.

Ms. Green was previously awarded the lesser rate of $320 per hour for her time billed in 2020. *See Nuss v. Sec'y of Health & Hum. Servs.,* No. 18-1676V, 2020 WL 3498127 (Fed. Cl. Spec. Mstr. May 22, 2020). I stand by my reasoning from *Nuss,* and reduce Ms. Green's hourly rate for 2020 to the previously awarded rate of $320 per hour. This results in a reduction of **$50.50**.[3]

Although the proposed rate increase for Ms. Green's 2021 work falls within the experience range provided in OSM's Attorney's Fees Schedule, her requested 2022 rate exceeds that range, resulting in a disproportionate increase.[4] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[5] I find that the rates **$350 per hour** for time billed in 2021, and $366 per hour for 2022 are more appropriate based on Ms. Green's experience. Adjustment of these rates reduces the amount to be awarded herein by **$911.60**.[6]

## ATTORNEY COSTS

Petitioner requests $1,523.24 in overall costs. (ECF No. 38-4). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$25,469.84** (representing $23,946.60 in fees and $1,523.24 in

---

[3] This amount consists of $325 - $320 = $5 x 10.1 hrs.

[4] The Attorneys' Fee Schedule for 2022 is available at http://www.uscfc.uscourts.gov/node/2914.

[5] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[6] This amount consists of $360 - $350 = $10 x 35.4 hrs = $354)  + ($400 - $366 = $34 x 16.4 hrs = $557.60) = $911.60.

costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.